NATHAN WALTER SUPLEE, GEORGE J. SCHULTZ and MARY D. SCHULTZ, L. P. FAUCETT, INC., a corporation of the State of Delaware, MADISON M. GRAY, CARL SPRINGER, INC., a corporation of the State of Delaware, suing in their own behalf of all others similarly situated,

Plaintiffs,

*vs.*

JOHN P. ECKERT and GAIL BOND ECKERT,
Defendants.

*Sussex, June 1, 1956.*

*James M. Tunnell, Jr.,* of Tunnell & Tunnell, Georgetown, for plaintiffs.

*Stewart Lynch, Alfred R. Fraczkowski,* and *Hiram W. Warder,* of Hastings, Lynch & Taylor, Wilmington, and *Peter P. Zion* and *Elihu A. Greenhouse,* Philadelphia, Pa., for defendants.

SEITZ, Chancellor: Plaintiffs' complaint seeks to remove a cloud on the title to certain real estate. Plaintiffs allege that they own and are in possession of certain pieces of real estate in the area known as Fenwick Island. They claim title through an October 10, 1939, sheriff's deed resulting from a mortgage foreclosure. Defendants claim title to the same lands, through a tax deed dated April 17, 1936. See *Suplee v. Eckert, ante p.* 428, 120 *A.2d* 718.

The defendants have filed a motion to strike a portion of the amended complaint on the grounds that it recites legal conclusions and fails to set forth any claim of facts as called for by *Chancery Rule* 8, *Del.C.Ann.,* and that it is "scandalous and impertinent". The allegation under attack is directed to the plaintiffs' contention that defendants' claim is barred by equitable estoppel. The following italicized portion of the quoted allegation is under attack:

> "It is true that they [defendants] did from time to time issue printed notices claiming the land, but they conducted themselves

generally in such *an alcoholic and notoriously unconventional* fashion that these notices of immense land holdings were not calculated to impress *sober and sensible* people as anything to be taken seriously, and, in fact, scores of *reasonable* people were not so impressed.

 It is true that pleadings should state the ultimate facts, and not conclusions of law. But this is often difficult to decide. The same allegations may contain factual allegations or conclusions of law, depending on the context. The allegations here attacked may be fairly considered as statements of facts. Consequently, this ground of defendants' motion is without merit.

 I next consider whether the allegations in question are scandalous and impertinent within the meaning of the Court Rule. "Impertinence" in equity pleading signifies that which is irrelevant and which does not in consequence belong in the pleading. The word does not include the idea of offending propriety. The full significance of the word is found in the expression "not pertinent". The element of offending the senses is found in the word "scandalous". Nothing which is possibly relevant to the merits of the cause, however harsh or gross the charge may be, can be correctly treated as scandalous. Story's *Equity Pleading, (3d. Ed.)* § 269. Of course unnecessarily offensive language cannot be used.

Considering its purpose, the matter here objected to is not in my opinion stated in an unnecessarily offensive manner. Consequently, I need consider only its relevancy.

 Before an allegation in a complaint will be stricken as impertinent, the matter criticized must be so unrelated to the plaintiff's claim as to be unworthy of any consideration. It must be remembered that the degree of relevancy is not deemed material. Story, above.

As Moore states in Vol. 2 of his work on *Federal Practice* at p. 2317:

> "Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no

possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under the contingency the matter may raise an issue, the motion should be denied."

While the plaintiffs might well have omitted some of the words objected to, the Court cannot say that such allegations should be stricken here. Assuming, without deciding, that equitable estoppel is available to plaintiffs, the allegations under attack would be relevant and material to that issue.

Defendants' motion to strike is denied.

Order on notice.